IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

**DISTRICT COURT FILED**
JAN 2 5 2019
DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

DAWN JANE COX, *Individually and as Parent and Next Friend to B*  L  A  P ,
*Plaintiffs*

v.

**CJ-2019 00335**

THE STATE OF OKLAHOMA *ex rel* THE OKLAHOMA DEPARTMENT of HUMAN SERVICES, an Oklahoma political subdivision;
CITY OF TULSA *ex rel* TULSA POLICE EPARTMENT;
CHUCK JORDAN; *In his individual and official capacity;*
AUBRIE THOMPSON; *In her individual and official capacity;*
JENNY REMY; *In her individual and official capacity;*

*Defendants.*

JEFFERSON D. SELLERS

*Jury Trial Demanded*
*Attorney Lien Claimed*

## PETITION

**COMES NOW**, Plaintiffs, Dawn Jane Cox, *Individually and as Guardian and Next Friend to* B  L  A  P  , a minor child, *Individually*, and for their causes of action against Defendants, allege and state as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiffs are residents of Tulsa County, state of Oklahoma;

2. That Defendant Department of Human Services ("DHS") is a political subdivision;

3. That Defendant City of Tulsa *ex rel* Tulsa Police Department is a political subdivision of the State of Oklahoma and a municipal corporation pursuant to 11 O.S. Sec, 22-10 *et seq.* subject to suit pursuant to Title 51 O.S. § 151 *et seq;* and 42 U.S.C. § 1983.

4. Defendant city of Tulsa is responsible for implementing policies and/or customs followed by employees of the Tulsa Police Department, an agency exercising jurisdiction exclusively in Tulsa, Oklahoma. Further, that the City of Tulsa is responsible for the training, supervision, discipline and psychological screening of police officers.

1

**EXHIBIT 2**

5. That Defendant Chuck Jordan was at all times material to this *Petition*, Chief of Police of the Tulsa Police Department and the final policy maker for the City of Tulsa regarding decisions, acts, policy and custom of the Department – further, every member of the Police Department shall respect and obey all orders issued by the Chief including Defendant Aubrie Thompson;

6. That Defendant Aubrie Thompson ("Thompson") was during times material to this *Petition*, duly appointed police officer of the Tulsa Police Department acting under color of state law and within the course of her employment with the City of Tulsa;

7. That Defendant Jenny Remy ("Remy") was during times material to this *Petition*, was employed by DHS and acting within the course of her employment;

8. The facts and circumstances giving rise to this litigation occurred in the City of Tulsa, Tulsa County, State of Oklahoma.

9. All factual claims and allegations asserted herein arose entirely in the state of Oklahoma and venue is proper in this district court.

10. Notice of Claim was presented to the City of Tulsa and DHS pursuant to the Oklahoma Governmental Tort Claims Act, Title 51 O.S. § 151, *et seq*;

11. On July 25, 2018, Plaintiff's claim was expressly denied by the City of Tulsa and this action was timely brought within one hundred and eighty days thereof;

12. Defendant DHS failed to take action within ninety (90) days of receiving the notice of tort claim and this action was timely brought within one hundred and eight days thereof; *further*,

13. In addition to the State claims set forth herein, this Court has jurisdiction over Plaintiffs' federal claims pursuant to the holdings of **Willborn v. City of Tulsa**, 721 P.2d 803 (Okla. 1986); **Maine v. Thiboutot**, 448 U.S. 1 (1980); **Haywood v. Drown**, 556 U.S. 729 (2009); *providing state courts possess concurrent jurisdiction with federal courts over civil actions brought under* 42 U.S.C. § 1983; *and*

**EXHIBIT 2**

14. Venue over the action properly lies in the District Court of Tulsa County, State of Oklahoma, pursuant to OK STAT. TIT. 12 §§ 133 & 134.

## FACTUAL SUMMARY

15. Plaintiffs re-alleges and incorporates by reference, as if verbatim, each preceding paragraph one through fourteen as though set forth in full herein;

16. On or about June 28, 2016, Thompson was contacted by Remy requesting a police report be done for child sexual abuse regarding minor children not related to the Plaintiffs.

17. During the course of the investigation Thompson was searching for information on an unrelated individual and came across Plaintiff Cox's Facebook profile and observed pictures of Plaintiff P    with the suspect of the police investigation.

18. On or about July of 2016, Remy at the request of Thompson contacted Plaintiff Cox and requested she come in for an interview without explaining why.

19. On or about July 8, 2016, Plaintiffs Cox and P    and their roommate arrived at DHS Skyline building for their interview.

20. Thompson began to ask questions regarding the individual she was investigating and she did not like the answers Plaintiff Cox provided her. Cox denied being in a relationship with the suspect, denied living with the suspect, and denied knowing anything about his criminal history; some of which were juvenile charges and confidential.

21. Plaintiff P    was also interviewed and questioned about her relationship with the suspect. She advised she viewed him as a father figure and never disclosed any type of sexual abuse, in fact she denied the suspect acted inappropriately towards her.

22. Shortly after the interview Plaintiff P    was taken into DHS custody alleging Cox failed to protect P    from threat of sexual abuse, failure to provide safe and stable home (at the time she was living with a family but Thompson told them DHS would investigate them for

**EXHIBIT 2**

failure to protect if they continued to allow Cox to reside with them), and failure to protect against sexual abuse.

23. Defendants specifically and intentionally misrepresented the facts in reports that would be interpreted by law enforcement and the court system; intentionally causing emotional distress to the children, threatened the Plaintiffs they would not be reunified and interfered with the parent/child relationship from which Plaintiffs continue to suffer;

24. That Defendants maliciously fabricated a story and contrived to charge Plaintiff Cox with the crime of *Permitting Child Sexual Abuse* which directly and proximately caused significant physical, financial and emotional injuries to Plaintiff; to-wit:

    a. Defendants procured the filing of an Information against Plaintiff and her subsequent arrest;

    b. The proceeding terminated in Plaintiff's favor;

    c. There was no probable cause to support the charge of permitting child sexual abuse;

    d. That the charge was fabricated and proceeding instituted because Thompson did not like Plaintiff Cox;

25. Plaintiff Cox was charged with enabling child sexual abuse, arrested, and spent several months in David L. Moss before she was released on a personal recognize bond. While she was incarcerated her mother passed away and she was unable to attend her funeral.

26. The fabricated and contrived charge of *Permitting Child Sexual Abuse* by the Defendants wrongfully made against Plaintiff by Defendants, attenuated her liberty from the time of her arrest until the time of the closure of the juvenile deprived action so as to constitute an unlawful seizure in violation of her constitutional rights.

4

27. Plaintiff P spent more than a year in foster care where she become very depressed, had thoughts of self-harm, was not allowed to attend her maternal grandmother's funeral, suffered verbal abuse by her DHS worker, and was lied to repeatedly;

28. Defendants' negligent acts and/or reckless disregard for the rights of Plaintiffs resulted in the personal injuries, pain and suffering; emotional suffering, and financial loss sustained by Plaintiff Cox;

29. Defendants acted with a reckless disregard for the rights of the Plaintiffs which resulted in their personal injuries and pain and suffering;

30. At all times relevant to this litigation, Defendant Thompson was acting as an employee and/or agent of Defendant City of Tulsa;

31. The Tulsa Police Department and/or the City of Tulsa had a duty to properly train and supervise its named defendant employees and/or agents; but failed to do so which resulted in the incidents giving rise to these causes of action;

32. That Chief Chuck Jordan of the Tulsa Police Department was at all times relevant to these proceedings the final policy maker for the Department and responsible for the training, supervision and retention of the named subordinate Defendant;

33. That Defendant Jordan failed to properly train and supervise Defendant Officer and/or was deliberately indifferent to the rights of Plaintiffs; further, that this failure to properly train and supervise and/or deliberate indifference toward Plaintiffs rights was the direct and proximate cause of Plaintiffs injuries;

34. That DHS was at all times relevant to these proceedings the final policy maker for the Department and responsible for the training, supervision, and retention of the named subordinate Defendant;

35. That Defendant DHS failed to properly train and supervise Defendant employee and/or was deliberately indifferent to the rights of the Plaintiffs; further, this failure to properly train and

**EXHIBIT 2**

supervise and/or deliberate indifference toward Plaintiffs' rights was the direct and proximate cause of Plaintiffs' injuries;

36. Causes of action include but are not limited to: assault and battery, negligent infliction of emotional distress, fraud, misrepresentation, negligence, abuse of office, malicious prosecution, personal injury, intentional infliction of emotional distress and false imprisonment;

37. Causes of action pursuant to the Constitution of the State of Oklahoma and the Constitution of the United State as applicable to the State via the 5th and 14th Amendments thereto include but are not limited to unlawful seizure and conspiracy to violate the civil rights of Plaintiffs above-named.

***WHEREFORE***, premises considered, Plaintiffs pray that judgment be entered in their favor against Defendants above named, that they be awarded actual and compensatory damages in an amount exceeding $75,000.00 or other such sum consistent with the evidence Plaintiffs anticipates will be presented during the trial of this cause, and that they be awarded punitive damages against those Defendants against whom punitive damages may be properly awarded, prejudgment interest, attorney fees and the costs of this action, to be taxed against Defendants and for all other relief to which Plaintiff may be entitled and which this honorable Court deems just and proper.

Respectfully submitted,

_____
Gina Ann Cowley, OBA No. 18928
gina@ginaanncowley.com *electronic mail and*
Jenny Proehl-Day, OBA No. 30684
The Proehl-Day Law Firm
jennyproehlday@gmail.com *electronic mail*

1408 South Denver Avenue
Tulsa, Oklahoma 74119
918.582.5444 *telephone*
918.584.1129 *facsimile*

6

**EXHIBIT 2**