# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAWN JANE COX, individually and as Parent and Next Friend to B.L.A.P., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE STATE OF OKLAHOMA <u>ex rel.</u> )<br>THE OKLAHOMA DEPARTMENT OF )<br>HUMAN SERVICES, CITY OF TULSA )<br>ex rel. TULSA POLICE DEPARTMENT, )<br>CHUCK JORDAN, in his individual )<br>and official capacity, AUBRIE THOMPSON, )<br>in her individual and official capacity, and )<br>JENNY REMY, in her individual and )<br>official capacity, )<br>)<br>Defendants. ) | Case No. 19-CV-0483-CVE-FHM |

## OPINION AND ORDER

Now before the Court is the Motion to Dismiss and Brief in Support of Defendant the Oklahoma Department of Human Services (Dkt. # 6). Defendant the State of Oklahoma <u>ex rel.</u> the Oklahoma Department of Human Services (DHS) argues that plaintiff[1] failed to comply with the notice provisions of the Oklahoma Governmental Tort Claims Act, OKLA. STAT. tit. 51, § 151 <u>et seq.</u> (GTCA) before filing suit, and plaintiff has failed to state a claim upon which relief can be granted. Dkt. # 6. Plaintiff responds that she has properly alleged compliance with the notice requirements of the GTCA, and claims that DHS should have no difficulty "deciphering" the factual and legal nature of her claims. Dkt. # 14.

---

[1] There is only one plaintiff, Dawn Jane Cox, even though she sues in two capacities. <u>See</u> Fed. R. Civ. P. 17(c).

**I.**

Plaintiff alleges that DHS employee Jenny Remy was investigating the possible sexual abuse of a child, B.L.A.P., and Remy contacted Tulsa Police Department (TPD) Officer Aubrie Thompson about preparing a police report. Dkt. # 2-2, at 3. Thompson began an investigation and located a picture of the suspected abuser and B.L.A.P. on plaintiff's Facebook page. Id. Remy contacted plaintiff to schedule an interview, and plaintiff claims that Remy did not provide a reason for conducting the interview. Id. On July 8, 2016, plaintiff brought B.L.A.P. and a roommate to an interview with Thompson, and Thompson asked plaintiff questions about her relationship with the suspected child abuser. Id. Plaintiff denied that she was in a relationship with the suspect and she claimed that she did not know about the suspect's criminal history, but Thompson allegedly "did not like the answers [plaintiff] provided her." Id. Thompson also interviewed B.L.A.P., and B.L.A.P. denied that any type of sexual abuse took place. Id. Shortly after the interview, DHS took B.L.A.P. into its custody, and plaintiff was charged with the crime of permitting sexual assault. Id. at 3-4. Plaintiff claims that the criminal proceedings "terminated in [her] favor," but she claims that the criminal charge was fabricated and not supported by probable cause. Id. at 4.

Plaintiff claims that B.L.A.P. spent more than a year in foster care and became severely depressed, and a DHS worker allegedly verbally abused B.L.A.P. Id. at 5. Plaintiff alleges that DHS failed to properly train or supervise Remy and was deliberately indifferent to plaintiff's rights. Id. at 5-6. The petition does not list plaintiff's claims as separate counts, and plaintiff states that her "[c]auses of action include but are not limited to: assault and battery, negligent infliction of emotional distress, fraud, misrepresentation, negligence, abuse of office, malicious prosecution, personal injury, intentional infliction of emotional distress and false imprisonment . . . ." Id. at 6.

Plaintiff also alleges "[c]auses of action pursuant to the Constitution of the State of Oklahoma and the Constitution of the United States as applicable to the State via the 5th and 14th Amendments thereto include but are not limited to unlawful seizure and conspiracy to violate the civil rights of Plaintiffs above-named." Id. Plaintiff seeks actual and compensatory damages in excess of $75,000 and punitive damages.

## II.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to a claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual

3

averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

**III.**

DHS argues that it is not a "person" for the purpose of 42 U.S.C. § 1983 and that plaintiff's federal claims should be dismissed. Dkt. # 6, at 14. DHS also argues that plaintiff failed to give proper notice of her state law claims under the GTCA, and DHS asks the Court to dismiss all of plaintiff's state law claims. Id. at 4-6. Plaintiff responds that she has adequately alleged compliance with the notice requirements of the GTCA, and she claims that DHS should be able to "decipher" the nature of plaintiff's claims. Dkt. # 14.

The Court will initially consider DHS' argument that plaintiff has failed to adequately allege that she complied with the notice requirements of the GTCA. Any person intending to bring a tort claim against the State of Oklahoma or a political subdivision must file notice of the claim within one year of the date of loss. OKLA. STAT. tit. 51, § 156. A claim is deemed denied if the state or political subdivision fails to approve the claim in its entirety after 90 days of receiving notice of the claim, and a person seeking to bring a lawsuit against a political subdivision must file the lawsuit within 180 days from the date of the denial. OKLA. STAT. tit. 51, § 157. "Compliance with the statutory notice provisions of the GTCA is a jurisdictional requirement to be completed prior to the filing of any pleading." Hall v. GEO Group, Inc., 324 P.3d 399, 403 (Okla. 2014); Wright v. KIPP Reach Academy Charter School, 2011 WL 1752248, *5 (W.D. Okla. May 6, 2011). The failure of a plaintiff to allege compliance with the GTCA requires the dismissal of a tort claim against a political subdivision for lack of subject matter jurisdiction. Ford v. Justice Alma Wilson Seeworth Academy, 2010 WL 545872, *3 (W.D. Okla. Feb. 9, 2010).

The petition alleges that plaintiff presented a notice of tort claim to the City of Tulsa and DHS pursuant to the GTCA, but the petition does not allege on what date this occurred. Dkt. # 2-2, at 2. Plaintiff claims that the City of Tulsa expressly denied her claims on July 25, 2018, and her claims against DHS were deemed denied 90 days after she served the notice of tort claim on DHS. Id. Plaintiff filed this case in Tulsa County District Court on January 25, 2019, and she alleges that this was within 180 days of the denial of her tort claims. Id. Plaintiff has filed a supplement to her response to the motion to dismiss, and the supplement includes a copy of her notice of tort claim and evidence that it was delivered to the Office of Risk Management on May 25, 2018. Dkt. # 18. DHS has submitted an affidavit of Gene B. Lidyard, director of Oklahoma's risk management department, and Lidyard states that he has no record that his office received the notice of tort claim. Dkt. # 6-1. The Court will not attempt to resolve this factual dispute in ruling on the motion to dismiss, and plaintiff's allegations are sufficient to state compliance with notice requirements of the GTCA.

The Court has reviewed plaintiff's petition (Dkt. # 2-2) and finds that it fails to meet the pleading standards applicable under federal law. Plaintiff argues that her petition satisfies the pleading requirements under Oklahoma law, but the case has been removed to federal court and federal procedural rules govern cases that have been removed from state court. Smith v. Bayer Corp., 564 U.S. 299, 304 n.2 (2011). Fed. R. Civ. P. 10(b) requires that a plaintiff list claims as separate counts "[i]f doing so would promote clarity . . . ." Plaintiff's petition names five defendants and a list of potential claims, but she has not broken down her claims by count or even identified which defendants have been sued under a particular legal theory. Dkt. # 2-2, at 6. Plaintiff's petition also states that her claims "include but are not limited to . . ." and this suggests that plaintiff believes she has claims that are not alleged in the petition. Id. The Court finds that plaintiff's petition is so

vague that it is not possible to determine which claims are asserted against each defendant, and plaintiff's petition should be dismissed due to her failure to provide adequate notice of her claims. The Court will permit plaintiff to file an amended complaint listing her claims by count and clearly identifying which defendants are named in each count.[2] Plaintiff must also include all claims that she intends to allege against defendants, and she will not be permitted to proceed under a legal theory that is not alleged in the amended petition.

Due to the lack of clarity of plaintiff's petition, the Court will not consider many of DHS' specific arguments for the dismissal of claims, because plaintiff may not intend to allege each of her claims against DHS. However, the Court will consider one claim that plaintiff would likely assert against DHS, but which would clearly be subject to dismissal. DHS argues that it is not a person subject to suit under § 1983, and plaintiff fails to respond to this argument. The law is clearly established that states have Eleventh Amendment immunity from suit unless this immunity is abrogated by Congress, and the Supreme Court has determined that § 1983 does not waive a state's immunity from suit under the Eleventh Amendment. Will v. Michigan Dep't of State Police, 491 U.S. 58, 65-66 (1989). The Tenth Circuit Court of Appeals and federal district courts in Oklahoma have held that DHS is agency that is treated as an arm of the state, and DHS is not a person that can be sued under § 1983. McKinney v. State of Oklahoma, Department of Human Services, 925 f.2d 363, 365 (10th Cir. 1991); Legates v. Oklahoma ex rel. Rogers County Department of Human Services, 2010 WL 4941437 (N.D. Okla. Nov. 30, 2010). Plaintiff is not permitted to include a § 1983 against DHS in her amended complaint.

---

[2] The amended complaint should also reflect that Chuck Jordan is no longer the chief of the TPD, and the appropriate party should be substituted should plaintiff intend to assert a claim against the chief of the TPD in his official capacity.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss and Brief in Support of Defendant the Oklahoma Department of Human Services (Dkt. # 6) is **granted**.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint no later than **March 19, 2020**. Failure to file an amended complaint will result in the dismissal of plaintiff's claims.

**IT IS FURTHER ORDERED** that the parties are directed to correct the caption in future pleadings to reflect one plaintiff only. "Dawn Jane Cox, Individually and as Parent and Next Friend to B.L.A.P." is one plaintiff.

**DATED** this 5th day of March, 2020.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE